IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES WILLIAM BRACY, JR., ) <br> AIS #230992, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> JEFFERSON DUNN, *et al.*, ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. 2:15-CV-234-WKW |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Charles William Bracy, Jr. ("Bracy"), an indigent state inmate presently incarcerated at the Kilby Correctional Facility ("Kilby"). In the complaint, Bracy challenges conditions of confinement to which he is subjected at Kilby. In an amendment to the complaint, Bracy alleges that the defendants have failed to ensure proper sterilization of hair clippers used by inmate barbers to provide haircuts to inmates. Based on the relief sought by Bracy in the amendment, the court construed this document to contain a motion for preliminary injunction seeking injunctive relief requiring the defendants to ensure proper sterilization of hair clippers. *Doc. No. 2*2. The court directed the defendants to show cause why Bracy's motion for preliminary injunction should not be granted. *Id*.

The defendants filed a response to this order, supported by relevant evidentiary materials, in which they assert that proper chemicals are used to sanitize the hair clippers

used on inmates.  *Doc. No. 27* at 4-5; *Defendants' Exh. E (Aff. of Leon Bolling) - Doc. No. 27-5* at 2-3; *Defendants' Exh. H (Barbicide Master Label) - Doc. No. 27-8* at 1-4.

Upon review of the motion for preliminary injunction and the response thereto filed by the defendants, the court concludes that the plaintiff's motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Bracy demonstrates each of the following prerequisites:  (1) a  substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th

Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Ne. Fla. Chapter of Ass' n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990)).

### III. DISCUSSION

In their response to the motion for preliminary injunction, the defendants assert that the hair clippers are subjected to appropriate sterilization procedures. Specifically, the defendants assert that:

> The clippers and shavers are being disinfected properly. All equipment associated with the clippers and shavers are disinfected by complete saturation or immersion (enough solution to cover all surfaces of the item) for 10 minutes in an EPA registered, hospital-grade disinfectant that is bactericidal, viruscidal, fungicidal and pseudomonacidal. The disinfecting solution must be changed daily and/or prepared according to manufacturer's directions.
> All tools, implements or equipment that come in contact with blood or body fluids are disinfected by complete immersion for a minimum of 10 minutes in an EPA registered disinfectant that is effective against HIV-1 and

> Human Hepatitis B Virus [and Human Hepatitis C Virus] or tuberculocidal that is prepared and used according to the manufacturer's directions.
> 
> The Barbicide used to disinfect the clippers and shavers is an EPA registered, hospital-grade disinfectant. Officers assigned to Kilby have been educated on the proper procedure for disinfecting the clippers. . . .

*Defendants' Exh. E (Aff. of Leon Bolling) - Doc. No. 27-5* at 2-3; *Defendants' Exh. H (Barbicide Master Label) - Doc. No. 27-8* at 2-3 ("When used with full immersion for 10 minutes . . . BARBICIDE has been found to be effective against: Pseudomonas aeroginosa, salmonella enterica, Staphylococcus aureus (including MRSA), Trichophyton mentagrophytes, Herpes Simplex Type 1 and Type 2, Human Immunodeficiency Virus Type 1 (HIV-1) (AIDS Virus), Influenza A Virus, Hepatitis B Virus and Hepatitis C Virus. KILLS HIV-1 (AIDS VIRUS), HBV AND HCV ON PRE-CLEANED ENVIRONMENTAL SURFACES/OBJECTS PREVIOUSLY SOILED WITH BLOOD AND BODY FLUIDS.").

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Bracy has failed to demonstrate a substantial likelihood of success on the merits of his claims. Bracy likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the injunction would have an adverse impact on correctional officials in their ability to effectively manage the facility. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Bracy has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of

preliminary injunctive relief.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 7, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 24th day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE